UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
BURGESS MASSEY,                                    :

              Petitioner,               :

        -against-                              :


                             :

THE UNITED STATES OF AMERICA,

                             :

             Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

OPINION & ORDER

17 CV 1455

03 CR 0938

WILLIAM H. PAULEY III, United States District Judge:

        Burgess Massey moves for habeas relief pursuant to 28 U.S.C. § 2255.  Massey

argues that his sentence must be vacated because his three predicate convictions no longer meet

the definition of a "violent felony" under the Armed Career Criminal Act ("ACCA").  For the

reasons that follow, Massey's petition is denied.

BACKGROUND

        In March 2004, a jury convicted Massey of being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1).  At sentencing, this Court found that Massey's

sentence was subject to enhancement under § 922(e) due to his prior felony convictions for third-

degree robbery, second-degree assault, and second-degree attempted assault.  Specifically, this

Court held that "because the statutes for robbery in the third degree, assault in the second degree,

and attempted assault in the second degree all involve the use or attempted use of force, see N.Y.

Penal Law §§ 120.05 and 160.05, Massey's prior convictions for those violent felonies are

predicate offenses under the Armed Career Criminal Act."  (Sentencing Tr. at 8).  This Court

sentenced Massey principally to 235 months of imprisonment. He has now been in jail for

approximately thirteen years.

Massey appealed, arguing, <u>inter alia</u>, that his sentence was improperly enhanced under the ACCA. The Second Circuit affirmed his conviction, finding that "the district court properly relied on the statutory elements of Massey's prior convictions in finding that he committed three prior violent felonies." <u>United States v. Massey</u>, 461 F.3d 177, 179 (2d Cir. 2006). Thereafter, the Supreme Court denied Massey's application for <u>certiorari</u>. <u>See</u> <u>Massey v. United States</u>, 549 U.S. 1136 (2007). Massey then filed his first § 2255 petition, again claiming that this Court erred in applying the ACCA sentence enhancement. This Court denied his petition and refused to issue a certificate of appealability, again finding that "[r]obbery, assault, and attempted assault under New York law all qualify as violent felonies for purposes of an ACCA sentence enhancement." <u>Massey v. United States</u>, No. 08-CV-924, 2009 WL 1285991, at *3 (S.D.N.Y. Apr. 23, 2009).

Massey moved twice for leave to file successive § 2255 petitions, both of which were denied by the Second Circuit. <u>See</u> <u>Massey v. United States</u>, No. 13-CV-2947 (2d Cir. Sept. 4, 2013); <u>Massey v. United States</u>, No. 14-CV-2281 (2d Cir. July 24, 2014.) Following the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson II</u>"), striking down the ACCA's residual clause as unconstitutionally vague, Massey filed a third motion for leave to file a successive petition. Initially, the Second Circuit denied leave because Massey had "not made a prima facie showing that the new rule of constitutional law announced in <u>Johnson [II]</u> applie[d] to his conviction." <u>Massey v. United States</u>, No. 14-CV-2281 (2d Cir. June 13, 2016). But one month later, the Second Circuit decided that the New York robbery statute does not categorically require "violent force" under the Sentencing Guidelines, a term which is afforded a parallel construction in the ACCA. <u>See</u> <u>United States v. Jones</u>, No 15-CR-1518 (2d Cir. July 21, 2016).

Based on <u>Jones</u>, Massey moved to recall the mandate denying his third motion to file a successive petition. On September 21, 2016 the Second Circuit granted that motion. Twelve days later, the Second Circuit vacated its decision in <u>Jones</u> pending the disposition of grant of certiorari in another case. Thereafter, the Supreme Court announced that the residual clause in the Sentencing Guidelines was not subject to a vagueness attack under the Due Process Clause.[1] <u>See</u> <u>Beckles v. United States</u>, 137 S. Ct. 886, 895 (2016).

## LEGAL STANDARD

A prisoner may seek collateral review of a federal conviction or sentence that was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Because collateral challenges conflict with "society's strong interest in the finality of criminal convictions," courts have established a high bar for defendants "to upset a conviction on a collateral, as opposed to direct, attack." <u>Yick Man Mui v. United States</u>, 614 F.3d 50, 53 (2d Cir. 2010). Petitioners are barred by the "so-called mandate rule" from "re-litigation of issues already decided on direct appeal," including any issues "impliedly resolved by the appellate court's mandate." <u>Yick Man Mui</u>, 614 F.3d at 53. Successive challenges under § 2255 are "expressly limited . . . to those arising out of a new rule of constitutional law" and "those based on newly discovered evidence." <u>Triestman v. United States</u>, 124 F.3d 361, 372 (2d Cir. 1997). Accordingly, decisions that merely interpret statutory language do not create grounds for successive § 2255 petitions. <u>See</u> <u>Belk v. United States</u>, No. 16-CV-765, 2016 WL 1587223, at *1 (2d Cir. Apr. 19, 2016.)

---

[1] The Second Circuit has not yet issued a new decision in <u>Jones</u>. However, as discussed below, it is quite possible in light of <u>Beckles</u> that any new ruling will not reach the question of whether New York robbery is a crime of violence. <u>See</u> <u>infra</u>, n.3.

## DISCUSSION

Massey's petition raises two issues that require some examination. First, does the petition in fact rely on <u>Johnson II</u>, or is it procedurally barred because it is not based on a new rule of constitutional law? And second, if this petition is not procedurally barred, does <u>Johnson II</u> compel vacatur of Massey's sentence enhancement under the ACCA because his conviction for third-degree robbery is no longer categorically a "crime of violence"?[2]

### A. **Procedural Bar**

The Government argues that this petition is procedurally defective because it relies not on <u>Johnson II</u>, but rather on an unrelated 2010 Supreme Court case of the same name, which construed the "force" required under the ACCA as "violent force—that is, force capable of causing physical pain or injury to another person." <u>Johnson v. United States</u>, 559 U.S. 133, 140 (2010) ("<u>Johnson I</u>"). This must be true, according to the Government, because <u>Johnson II</u> invalidated the ACCA's residual clause but left the "force" clause intact, and this Court explicitly sentenced Massey under the "force" clause. (<u>See</u> Sentencing Tr. at 8 (applying the ACCA enhancement because "the statutes for robbery in the third degree, assault in the second degree, and attempted assault in the second degree all involve the use or attempted use of force.")) Because <u>Johnson I</u> simply interpreted § 924(e) and did not establish a new rule of <u>constitutional</u> law, the Government reasons, Massey's petition is procedurally barred. <u>See</u> 28 U.S.C. § 2255(h)(2).

---

[2] Massey's arguments as to his other two predicate convictions for assault and attempted assault are meritless. As this Court held in denying his original § 2255 petition, "Massey squarely raised on appeal the argument that this Court improperly found that his prior convictions were violent felonies within the meaning of the ACCA." <u>Massey</u>, 2009 WL 1285991, at *2. Although Massey points to a new rule of law in <u>Jones</u> with respect to his robbery conviction, he fails to raise "a different legal ground for relief than [he] raised on direct appeal" with respect to the assault and attempted assault convictions. <u>Williams v. United States</u>, 731 F.2d 138, 141–42 (2d Cir. 1984). Accordingly, his attacks on these convictions as ACCA predicates are procedurally barred. <u>See</u> <u>United States v. Pitcher</u>, 559 F.3d 120, 123 (2d Cir. 2009).

The timing of Massey's various petitions and appeals makes this issue difficult. On one hand, this Court unequivocally found that Massey's prior convictions were ACCA predicates under the "force" clause, not the residual clause. (See Sentencing Tr. at 8.) Thus Massey's citation to United States v. Winston, 850 F.3d 677 (4th Cir. 2017), a Fourth Circuit case dealing with a similar question, is not precisely on point. In that case, the trial record "[did] not establish that the residual clause served as the basis" for concluding that the defendant's prior convictions were "violent felonies" because the district court chose not to specify which clause it was relying on at sentencing. Winston, 850 F.3d at 682. The Fourth Circuit held that the petitioner had shown that he was "rel[ying] on a new rule of constitutional law" articulated by Johnson II because his sentence "may have been predicated on application of the now-void residual clause." Winston, 850 F.3d at 682 (emphasis added. No such ambiguity exists in this case, and thus it would seem that Massey's petition does not rely on Johnson II.

This Court is troubled, however, by the possibility that denying the instant petition on procedural grounds would effectively preclude review of the question of whether New York robbery qualifies under the "force" clause in view of Johnson I. See Immigration and Naturalization Svc. v. St. Cyr, 533 U.S. 289, 299–300 (2001) (a construction "that would entirely preclude review of a pure question of law by any court would give rise to substantial constitutional questions," which should be avoided "where an alternative interpretation is fairly possible"). The Government contends that Massey simply failed to file a habeas petition under Johnson I in 2010 or 2011, yet in the same breath argues that Massey cannot bring a successive § 2255 petition under Johnson I because that case did not establish a new rule of constitutional law. It is also unclear whether an earlier-filed petition could have been successful even if not procedurally barred, as the residual clause was still in force and would have provided alternative

grounds for upholding Massey's sentence. Thus, Johnson II at least narrowed the possible

grounds for enhancing Massey's sentence to the ACCA's "force" clause.

The Second Circuit's decision in Jones, although vacated and thus non-

precedential, suggests a willingness by the Circuit to reconsider the classification of New York

robbery as a "crime of violence." In order to avoid an interpretation of § 2255 that would

entirely forestall examination of Massey's petition on the merits, this Court concludes that his

petition "relies on" Johnson II, at least in part, because Johnson II precludes any argument that

Massey's sentence was proper under the ACCA's residual clause.

B. **Whether New York Robbery is a "Crime of Violence"**

Turning to the merits, however, Massey's petition fails because case law in this

Circuit—as it currently stands—holds that New York robbery is a "crime of violence" for

purposes of the ACCA. The Jones decision, however on point it may have been, has been

vacated and thus has no precedential effect. See Stuckey v. United States, 16-CV-1787, 2016

WL 7017419, at*4 (S.D.N.Y. Dec. 1, 2016) (finding that, post-vacatur, "the Court cannot now

rely on the Second Circuit's determination in Jones that the New York first-degree robbery

statute is not categorically a crime of violence under the Guidelines (or, by analogy, the

ACCA)"). The pre-Jones precedent, now controlling once again, consistently holds that the

various degrees of New York robbery are predicate felonies under the ACCA. See, e.g. United

States v. Miles, 748 F.3d 485, 491 (2d Cir. 2014) (per curiam); United States v. Brown, 52 F.3d

415, 426 (2d Cir. 1995).

This Court notes, however, that a number of the cases cited by the Government

for the proposition that New York robbery is a "crime of violence" are either non-precedential

summary orders or were decided prior to Johnson I. See United States v. Williams, 526 Fed.

App'x 29 (2d Cir. 2013); United States v. Bogle, 522 Fed. App'x 15 (2d Cir. 2013); United States v. Spencer, 955 F.2d 814, 820 (2d Cir. 1992); United States v. Wiggan, 530 Fed. App'x 51 (2d Cir. 2013).  Furthermore, at least one other court in this Circuit has recently ruled that New York third-degree robbery does not categorically involve the "violent force" required by Johnson I for purposes of the Sentencing Guidelines enhancements.  See United States v. Johnson, No. 15-CR-32, 2016 WL 6684211, at *7 (E.D.N.Y. Nov. 12, 2016) (holding that "a conviction for robbery in the third degree under New York Penal Law § 160.05 does not qualify as a crime of violence pursuant to § 4B1.2(a)(1)'s force clause").

Weighing the controlling case law against the apparent uncertainty regarding the effect of Johnson I on sentence enhancements predicated upon third-degree robbery convictions, this Court concludes that the most prudent course of action is to deny Massey's petition but issue a certificate of appealability.[3]

---

[3] The Government requests, in the alternative, that this matter be stayed pending the Second Circuit's decision in Jones.  It is possible, however, that the Second Circuit will not reach the issue of whether New York robbery qualifies under the "force" clause of the Sentencing Guidelines because Beckles left the residual clause of the Guidelines intact.  Accordingly, this Court does not believe that a stay of this matter in anticipation of a potentially inapposite ruling in Jones would serve the interests of justice.

<u>CONCLUSION</u>

For the reasons articulated above, Massey's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied. This Court grants a certificate of appealability on the issue of whether New York third-degree robbery is a crime of violence under the ACCA after <u>Johnson I</u>. The Clerk of Court is directed to terminate all pending motions and mark this case as closed.

Dated: May 22, 2017
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.